IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | CASE NO. CR415-183 |
| ) | |
| RAKEEM GALLOP,     ) | |
| ) | |
| Defendant.     ) | |
| _____ ) | |

### O R D E R

Before the Court is Defendant Rakeem Gallop's Motion for an Order to the Government to Appear and State Its Position as to Time Credited (Doc. 38), which the Government has opposed (Doc. 39). After careful consideration, Defendant's motion (Doc. 38) is **DENIED IN PART** and **DISMISSED AS MOOT IN PART**.

In December 2015, Defendant pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 18.) Defendant was sentenced to 92 months' imprisonment. (Doc. 26 at 2.) As part of the judgment, this Court recommended that Defendant be given credit toward his sentence for all time served in custody since January 27, 2015. (Id.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at United States Penitentiary ("USP") Beaumont located in Beaumont, Texas, with a projected release date of September 17, 2023. See BOP Inmate Locator, Federal Bureau of

Prisons, https://www.bop.gov/inmateloc/ (last visited on June 8, 2021).

In 2017, Defendant filed a series of motions challenging the BOP's calculation of his federal sentence—specifically the BOP's failure to credit Defendant for time served in custody from January 27, 2015 until January 27, 2016. (Docs. 28-31.) The Magistrate Judge, on referral from this Court, properly determined that Defendant's motions could only be brought in the district in which Defendant is incarcerated. (Doc. 36 at 2.) Accordingly, the Magistrate Judge transferred Defendant's case to the Eastern District of Kentucky, Defendant's place of incarceration at the time. (Id.)

In his present motion, Defendant asks the Court to order the Government to appear and state its position on Defendant's sentence calculation. (Doc. 38 at 5.) In response, the Government states that Defendant must exhaust his administrative remedies with the BOP before he can challenge his sentence calculation in federal court. (Doc. 39 at 3.) Additionally, the Government contends that Defendant must bring any such challenge in the district where he is confined, which is the Eastern District of Texas. (Id. at 4-5.) Based on the Government's contentions, Defendant's motion is **DISMISSED AS MOOT** to the extent it requests that the Government state its current position on Defendant's sentence calculation.

2

Defendant also appears to request that the Court order the Government to instruct the BOP as to the proper calculation of his sentence. (Id. at 6-7.) However, the BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). Accordingly, the Court finds it would be inappropriate, if not impermissible, to order the Government to give the BOP instructions on the proper calculation of Defendant's sentence.[1] As a result, Defendant's motion is **DENIED** to the extent he requests

---

[1] In making this request, Defendant relies on United States v. Torres, No. 1:18-cr-00041-DLC-19 (S.D.N.Y.). In Torres, the District Court for the Southern District of New York ordered the Government to respond and state its position on a defendant's motion for time served credit. Torres, No. 1:18-cr-00041-DLC-19, ECF No. 492 (S.D.N.Y. Mar. 16, 2021). In response, the Government found that Defendant's sentence had been miscalculated by the BOP and, on their own volition, informed the BOP of the error. Torres, No. 1:18-cr-00041-DLC-19, ECF No. 496, at *1-2 (S.D.N.Y. Apr. 16, 2021). The court in Torres did not, as Defendant asks this Court to do, order the Government to instruct the BOP on the propriety of a defendant's sentencing calculation.

3

that the Court order the Government to inform the BOP of its position on Defendant's sentence calculation.

With the hope of avoiding further confusion, the Court will again inform Defendant of the correct manner by which to challenge the BOP's sentence calculation. If Defendant has exhausted his administrative remedies, the proper procedure for Defendant to mount a judicial challenge to the BOP's decision is to file a civil action under 28 U.S.C. § 2241 in the district and division of his confinement. See United States v. Lassiter, 812 F. App'x 896, 900 (11th Cir. 2020) ("Although the district court for the Southern District of Alabama had sentenced Appellant, it had no jurisdiction to entertain his § 2241 petition for sentencing credit when Appellant was incarcerated in another district."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). At this time, Defendant is incarcerated at USP Beaumont in Beaumont, Texas. Accordingly, if Defendant wishes to challenge the BOP's calculation of his sentence, Defendant must, after exhausting his administrative remedies, file a § 2241 petition for sentencing credit in the United States District Court for the Eastern District of Texas, Beaumont Division.

SO ORDERED this __8th__ day of June 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4